**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. CR-16-119-R** |
| | ) |
| **CHRISTOPHER BROWN,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>ORDER</u>**

Defendant Christopher Brown is currently serving a 324-month sentence of imprisonment related to a drug conspiracy and a money laundering conspiracy. Now before the Court is Defendant's pro se Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 2023]. The government responded in opposition [Doc. No. 2024], Defendant replied [Doc. Nos. 2031], and the matter is now at issue.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation marks and citation omitted). An exception to this rule is set forth in 18 U.S.C. § 3582(c)(1)(A), which permits courts to modify a term of imprisonment if extraordinary and compelling reasons are present. However, to pursue a sentence reduction under § 3582(c)(1)(A), a defendant must first exhaust his administrative remedies:

> [U]pon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . [a district court] may reduce a term of imprisonment . . . ."

18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a "mandatory claim-processing rule" that must be enforced when invoked by the government. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030 (10th Cir. 2021)

Here, Mr. Brown has not satisfied his burden of showing that he properly exhausted his administrative remedies. His motion includes an unverified letter addressed to the warden of his facility dated May 21, 2025. However, the government has included correspondence with the Bureau of Prisons indicating that it has no record of any request being sent to the warden. Further, even if Mr. Brown did send the request on May 21, 2025, he did not wait the requisite "30 days from the receipt of such a request by the warden" before filing his motion. Accordingly, Mr. Brown has not shown that he fully exhausted his administrative remedies as required by § 3582(c)(1)(A) and the Court lacks jurisdiction to resolve the motion.

But even if Mr. Brown had fully exhausted his administrative rights, the Court would nevertheless find that the motion fails on the merits. The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). Under that test, a court may reduce a sentence if the defendant "meets three requirements: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (citing *McGee*, 992 F.3d at 1042). Regarding the first requirement, district courts "have the authority to determine for

2

themselves what constitutes 'extraordinary and compelling reasons.'" *McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021). However, that "authority is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The Sentencing Commission's policy statement on compassionate release identifies the following six categories as extraordinary and compelling circumstances warranting a sentencing modification: (1) medical circumstances of the defendant; (2) age of the defendant and a serious deterioration in health; (3) family circumstances which require the defendant to act as a caregiver; (4) victim of sexual or physical abuse by or at the direction of a correctional officer; (5) "any other circumstances or combination of circumstances" that are similar in gravity to the circumstances described in the prior four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today. *See* USSG § 1B1.13(b).

None of the circumstances identified by Mr. Brown, either separately or collectively, present an extraordinary and compelling reason to reduce his sentence and he has failed to show that a sentence reduction would be consistent with the Sentencing Commission's policy statement. First, Mr. Brown invokes USSG § 1B1.13(b)(6), which applies if a defendant "received an unusually long sentence and has served at least 10 years" and there has been a "change in the law" "that "would produce a gross disparity" between the sentence being served and the sentence likely to be imposed today. Mr. Brown meets none of these requirements. His below-guidelines sentence was not unusually long,

he has not served at least ten years of his sentence, and he has not identified a change in the law that would produce a gross disparity if he were sentenced today.[1]

Second, Mr. Brown's perfunctory argument about the allegedly harsher conditions of confinement during the Covid-19 pandemic cannot fairly be described as extraordinary given that these same conditions were experienced by all inmates. *See United States v. Johnson*, No. 3:17-CR-01569-DCG-1, 2023 WL 2671403, at *5 (W.D. Tex. Mar. 28, 2023) ("Courts have generally held that harsh conditions faced by all inmates are not extraordinary within the meaning of the First Step Act.").

Third, Mr. Brown has not shown that his age at the time of offense or his initial incarceration at the age of nineteen provides an extraordinary and compelling reason to reduce his sentence. Although Mr. Brown was young when he was first incarcerated, the fact that he had already accumulated a criminal history and then chose to engage in significant criminal conduct during his period of incarceration undercuts his argument that his age presents a compelling reason to reduce his sentence. Moreover, Mr. Brown was in his late twenties when he committed the conduct involved in this action.

Fourth, "rehabilitation alone [does] not constitute an extraordinary and compelling reason warranting release." *United States v. Mata-Soto,* 861 F. App'x 251, 255 (10th Cir.

---

[1] Mr. Brown argues that changes to the use of enhanced mandatory minimum penalties under 21 U.S.C. § 851 would impact the sentence he would be receive today. Although the government filed an Information pursuant to 21 U.S.C. § 851, the Information was stricken on the government's motion pursuant to a Rule 11(c)(1)(C) plea agreement. *See* Doc. Nos. 1612, 1615. Thus, any change in the law with respect to 21 U.S.C. § 851 would not affect his sentence. But even if it did, he has not met the other requirements outlined in USSG § 1B1.13(b)(6).

2021). Further, Mr. Brown's efforts at rehabilitation, although commendable, are not so exemplary as to impact the analysis, even when viewed in combination with the other circumstances he identifies. *See United States v. Kalu,* No. 12-CR-00106-MSK, 2020 WL 2465716, at *2 (D. Colo. May 13, 2020) (noting that every inmate is expected to take rehabilitative steps).

Additionally, the factors outlined in 18 U.S.C. § 3553 do not weigh in favor reducing the sentence. Mr. Brown played a significant role in a drug-trafficking operation that involved a large amount of controlled substances. These actions were taken while he was incarcerated for another crime, which indicates that incarceration is not an adequate deterrent to further criminal conduct. Mr. Brown's disciplinary record also shows several misconducts, including one for possessing cell phones, which counsels against a sentence reduction. Further, the sentence is at the bottom end of the guideline range contained in the Rule 11(c)(1)(C) plea agreement and is below the guideline range that would apply in the absence of this plea agreement. After considering each of the § 3553(a) factors, (and particularly the nature and circumstances of the offense and the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence), the Court finds that the sentencing factors do not support a sentence reduction.

Defendant's Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 2023] is DISMISSED.

IT IS SO ORDERED this 12th day of August, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE